10-117-ag
Markovic v. Holder

BIA
A073 617 999
A073 618 000

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of October, two thousand ten.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> JON O. NEWMAN,
> RALPH K. WINTER,
> > *Circuit Judges.*

_____

HAMID MARKOVIC, NAFIJE DURAKOVIC,
> *Petitioners,*

v.                                                      10-117-ag
                                                        NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:     Gregory Marotta, Vernon, NJ.

FOR RESPONDENT:      Tony West, Assistant Attorney General;
                     Emily Anne Radford, Assistant
                     Director; Christopher P. McGreal,

**Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioners, natives and citizens of Montenegro, seek review of a December 23, 2009, order of the BIA denying their motion to reopen. *In re Markovic,* Nos. A095 617 999/618 000 (B.I.A. Dec. 23, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)).

It is beyond dispute that Petitioners' motion to reopen was untimely, as it was filed almost seven years after the BIA's dismissal of Petitioners' appeal of their removal order. *See* 8 C.F.R. § 1003.2(c)(2). Although Petitioners contend that the time limitation does not apply to their motion to reopen because it was "based on changed circumstances arising

-2-

in the country of nationality" and the evidence they submitted "is material and was not available and could not have been discovered or presented at the previous hearing," 8 C.F.R. § 1003.2(c)(3)(ii), their arguments are unavailing.

As an initial matter, as the BIA explicitly referenced the materials submitted with the motion, there is no indication that the BIA ignored any material evidence Petitioners submitted. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (recognizing that the Court has rejected the notion that the agency must "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner"); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) (presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise").

Moreover, contrary to Petitioners' argument, the record supports the BIA's determination that Petitioners failed to establish that conditions in Montenegro had changed fundamentally since their merits hearing, as required to warrant reopening. *See Xiao Ji Chen*, 471 F.3d at 342 (holding that the weight afforded to the applicant's evidence in

immigration proceedings lies largely within the discretion of the agency); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (holding that the BIA's evaluation of country conditions evidence submitted with a motion to reopen is reviewed under the substantial evidence standard). Petitioners submitted a number of exhibits pertaining to fourteen men of Albanian ethnicity who were arrested in Montenegro on charges of terrorism and were allegedly mistreated. However, that particular incident does not establish that ethnic Albanians, as a group, are subject to persecution in Montenegro. *See Lecaj v. Holder*, No. 09-0768, 2010 WL 3001332, at *5 (2d Cir. Aug. 3, 2010). Other materials submitted by Petitioners were outdated, irrelevant to their claims, or uncorroborated. The agency did not abuse its discretion in choosing not to credit these exhibits. *Xiao Ji Chen*, 471 F.3d at 342.

Because the BIA reasonably found that Petitioners failed to establish changed country conditions sufficient to warrant reopening, its denial of Petitioners' motion to reopen was not an abuse of discretion. Because the BIA did not abuse its discretion by denying the motion as untimely, we do not reach Petitioners' argument that they established their *prima facie*

eligibility for relief.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk